**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| MYRON FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02247-TLP-tmp |
| v. | ) | |
| | ) | |
| OZARK MOTOR LINE, PATRICK | ) | |
| LANDRETH, and GABE PRECIANCE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON REPORT AND RECOMMENDATION**

Pro se Plaintiff Myron Freeman sued here in April 2024.  (ECF No. 1.)  Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Tu M. Pham ("Judge Pham") for management of all pretrial matters.  Plaintiff moved for leave to proceed in forma pauperis, and Judge Pham granted that Motion.  (ECF No. 7.)  Judge Pham then screened the Complaint under 28 U.S.C. § 1915(e)(2) and entered a Report and Recommendation ("R&R") recommending that the Court dismiss the Complaint because Plaintiff failed to include a statement of facts.  (ECF No. 8.)

After Judge Pham screened the Complaint, Plaintiff filed an Amended Complaint.  And this Amended Complaint includes a statement of facts.  (ECF No. 9.)  The Court found Judge Pham's R&R moot given the Amended Complaint.  The Court then requested that Judge Pham screen the Amended Complaint under § 1915(e)(2).  (ECF No. 10.)  Judge Pham did so and entered a second R&R.  This R&R recommends dismissing the Amended Complaint for failing

1

to state a claim upon which relief can be granted.  (ECF No. 11.)  In the R&R, Judge Pham

advised the parties that they had fourteen days to object.  None of the parties objected.

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES** the Amended

Complaint.

### BACKGROUND AND THE R&R

Plaintiff's Original Complaint challenged his termination, alleging that it violated the

Age Discrimination in Employment Act ("ADEA").  (*Id.* at PageID 57.)  For his Amended

Complaint, Plaintiff used the Clerk's office's form to assist pro se litigants bring 42 U.S.C.

§ 1983 claims.  (*Id.*)  With this form, Plaintiff attached a Right to Sue letter from the Equal

Employment Opportunity Commission, a multi-page timeline of events, unemployment

paperwork, letters about his termination, employee drug test documents, and excerpts from the

Department of Transportation Rule 49.  (*Id.*)  Plaintiff listed his claim as "Wrongful

Termination."  *(Id.)*

In the R&R, Judge Pham recommends dismissing the § 1983 claim because Plaintiff has

sued private actors and does not identify any constitutional right that Defendants violated.  (*Id.* at

PageID 59.)  He recommends dismissal of any lingering ADEA claim because Plaintiff has not

alleged that he was terminated based on his age.  (*Id.* at PageID 60–61.)

### LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and

recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14

days after being served with a copy of the recommended disposition, a party may serve and file

specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P.

72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews

the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

Judge Pham entered the R&R on October 10, 2025.  Because neither party objected, the Court reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Pham's R&R.  In fact, the Court agrees with his well-reasoned analysis.

Addressing Plaintiff's § 1983 claim, Judge Pham correctly explains that to make a viable claim under § 1983, a "plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." (ECF No. 11 at PageID 59 (quoting *Susselman v. Washtenaw Cty. Sheriff's Office*, 109 F.4th 864, 870 (6th Cir. 2024)) (internal quotation marks omitted).)  Judge Pham notes that Plaintiff has made no allegations that Defendants acted under color of state law or that would show a constitutional violation.  (*Id.*)  Because Plaintiff has failed to plausibly allege state action and a constitutional violation, the Court agrees with Judge Pham.

Although Plaintiff does not rely explicitly on the ADEA as a cause of action in the Amended Complaint, Judge Pham dismisses any lingering claims.  He correctly notes that to state an age discrimination claim under the ADEA, a plaintiff must "allege 'sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference' that the plaintiff was subject to discrimination or retaliation." (*Id.* at PageID 60 (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012)) (internal quotation marks omitted).)  Judge Pham concludes that Plaintiff failed to allege any facts suggesting he

was terminated due to his age.  (*Id.* at PageID 61.)  In fact, the only reference to Plaintiff's age in the Amended Complaint is his date of birth listed on the drug test documents.  (*Id.*)  The Court therefore agrees that Plaintiff has not plausibly stated claim under the ADEA.

For the above reasons, the Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

**CONCLUSION**

The Court has reviewed Judge Pham's R&R and finds no clear error.  And so the Court **ADOPTS** the R&R.  Accordingly, the Court **DISMISSES** Plaintiff's Claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 31st day of March, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE